J-S23043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON ROSS SMITH | : | |
| | : | |
| Appellant | : | No. 2883 EDA 2022 |

Appeal from the PCRA Order Entered October 11, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001327-2019

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 26, 2023**

Appellant, Aaron Ross Smith, appeals from the order entered in the Montgomery County Court of Common Pleas, which denied his first petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this case as follows:

> On September 9, 2019, [Appellant], then represented by Abigail Leeds, Esquire, appeared before the undersigned and entered an open guilty plea to one count of unlawful contact with a minor, one count of criminal attempt of involuntary deviate sexual intercourse [("IDSI")], and one count of criminal use of a communication facility. [Appellant] filled out a standard guilty plea questionnaire and, due to the nature of the crimes, an additional Addendum to the guilty plea statement regarding the registration requirements of sexual offenders. A Pre-Sentence Investigation and a Sexually Violent Predator [("SVP")] assessment were ordered. [Appellant was ultimately deemed not to be a SVP].

[Appellant], then represented by Paul Lang, Esquire, returned to court on February 10, 2020, for sentencing. Following a sentencing hearing, the undersigned sentenced [Appellant] on count 1, unlawful contact with a minor, to fifteen (15) to thirty (30) months, in a state correctional institution; on count 2, criminal attempt of IDSI, fifteen (15) to thirty (30) months in a state correctional institution, to run concurrent to count 1; and on count 3, criminal use of a communication facility, five (5) years' probation to run consecutive to counts 1 and 2. In addition, [Appellant] was directed not to have contact with minors, not to access the internet, and to register as a Tier III sexual offender.

[Appellant] did not file a direct appeal from his judgment of sentence.

On December 29, 2021, [Appellant] filed a *pro se* [PCRA] petition… This court appointed counsel, as it was a first PCRA. [Appellant] instead hired private counsel, Herbert Terrell, Esquire, who entered his appearance on March 18, 2022. Mr. Terrell adopted [Appellant's] *pro se* petition and filed a motion seeking a hearing on the PCRA petition. Following receipt by the court of [the] Commonwealth's response and [Appellant's] response to the response, a PCRA hearing was held before the undersigned on August 15, 2022. At the conclusion of the hearing, the court granted [Appellant] leave to file a brief regarding the timeliness of the PCRA petition.[1] On August 28, 2022, counsel filed a brief with the court and a motion seeking to amend [Appellant's] PCRA petition, challenging the sexual offender registration requirements.

_____

[1] In his *pro se* petition, Appellant asserted the newly-discovered facts exception to the PCRA time-bar, stating: "The actual and factual definitions and elements relating to the criminal charges [were] not explained by [plea counsel], where he employed me to plead guilty to charges I never committed, and where there was no factual basis for, in relationship to the allegations and charges, until informed by an in-house attorney." (PCRA Petition, filed 12/29/21, at 3). Appellant also cited the new constitutional right exception to the PCRA time-bar, but he later abandoned that proffered exception.

On October 11, 2022, the undersigned entered a final Order dismissing [Appellant's] PCRA petition as untimely, without prejudice to [Appellant] to raise his [Sexual Offender Registration and Notification Act ("SORNA")[2]] claims in an alternate procedural filing pursuant to **Commonwealth v. Lacombe**, [660 Pa. 568, 234 A.3d 602 (2020)[3]].

On November 9, 2022, [Appellant] filed a timely notice of appeal to the Superior Court of Pennsylvania. On November 26, 2022, [Appellant] forwarded to this court his statement of the errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

(PCRA Court Opinion, filed December 14, 2022, at 1-3) (internal record citations and footnotes omitted).

Appellant raises the following issues for our review:

The court erred by failing to ascertain, based upon a totality

_____

[2] Following **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**"), *rev'd*, 657 Pa. 579, 226 A.3d 972 (2020) ("**Butler II**"), the Pennsylvania General Assembly enacted legislation to amend SORNA I. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA I, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018. **See** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.10-9799.42. Here, Appellant's offenses took place between December 2018 and January 2019. Thus, the applicable registration requirements fall under Revised Subchapter H.

[3] We discuss **Lacombe** in our analysis of Appellant's second issue on appeal.

of the facts, whether [Appellant's] claim[ed] facts were unknown to [Appellant], and the court failed to make a finding as to whether [Appellant] exercised due diligence in bringing the matter to the attention of the court. The PCRA petition was timely based upon a statutory exception for untimeliness.

The court erred by not presently considering [Appellant's] challenge to his SORNA sentence.

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

In his first issue, Appellant argues that plea counsel did not explain to him the elements of the offenses of IDSI or criminal use of a communication facility before Appellant entered his guilty plea. Appellant asserts that plea counsel also failed to explain to Appellant the significance of entering a guilty plea to attempted IDSI, in that Appellant "would become not only classified as [a SVP] but in addition that, he would be subject to lifetime reporting and

other requirements."[4]  (Appellant's Brief at 12-13).  Appellant claims that the PCRA court failed to determine that Appellant knew the elements of the criminal charges to which he pled guilty at the time he entered the guilty plea. Appellant insists the court improperly "imputed the fact of the plea addendum to [Appellant] as conclusive that [Appellant] knew the facts or consequences of the plea and sentence thus, the facts or consequences could not be newly-discovered."  (*Id.* at 14-15).  Appellant maintains that the PCRA court interrupted Appellant multiple times during the PCRA hearing.  Appellant emphasizes that he did not discover or fully understand the nature of the charges to which he pled guilty, and the registration requirements associated with his plea, until he received a parole board notice of the need to participate in a sex offender program, dated December 30, 2020.

Appellant contends that he had difficulty receiving court docket entries once he began his investigation into his case and that his legal research was thwarted due to the COVID-19 pandemic.  Appellant avers he filed his *pro se* PCRA petition within one year of December 30, 2020, the date he received notice about the sex offender program.  Appellant submits that there is no longer a "public record presumption" from which the court could have presumed that Appellant had access to his court documents.  Appellant posits

---

[4] We note that Appellant was **not** deemed to be a SVP.  (**See** N.T. Sentencing Hearing, 2/10/20, at 3).  (**See also** N.T. PCRA Hearing, 8/15/22, at 6-7, 18-19).

that the court should have developed a "full hearing record" at which plea counsel and Appellant's psychiatrist could have testified regarding Appellant's knowledge of the charges to which he pled guilty and the associated registration consequences.[5]  Appellant concludes the PCRA court erred by denying his PCRA petition as untimely, and this Court must grant relief.  We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

---

[5] At the PCRA hearing, Appellant claimed he wanted to present testimony from his psychiatrist to refute that Appellant is a "predator."  The court reiterated to Appellant that he was not deemed a SVP (contrary to Appellant's apparent misconception), so such testimony would be unnecessary.  (**See** N.T. PCRA Hearing at 12, 38).

To satisfy the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). Due diligence requires the petitioner to take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. ***Commonwealth v. Monaco***, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

In ***Commonwealth v. Small***, 662 Pa. 309, 238 A.3d 1267 (2020), our Supreme Court made clear there is no longer a "public record presumption" pursuant to which a court may find that information available to the public is not a fact that was previously "unknown" to the petitioner. Nevertheless, the Court clarified, "that [Appellant] is relieved of the public record presumption does not mean that [Appellant] prevails. […] The textual requirements of the time-bar exception remain." ***Id.*** at 340, 238 A.3d at 1286. Therefore, "although ***Small*** eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." ***See Commonwealth v. Keener***, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa.Super. June 30,

2022) (unpublished memorandum). *See also Commonwealth v. Robinson*, No. 208 MDA 2020, 2021 WL 2935696, at *4 (Pa.Super. July 13, 2021) (unpublished memorandum), *appeal denied*, ___ Pa ___, 273 A.3d 504 (2022) (holding that even without public record presumption, appellant is still expected to undertake reasonable efforts to uncover facts that may support claim for collateral relief).[6]

Instantly, the court sentenced Appellant on February 10, 2020. Appellant did not file a direct appeal. Thus, his judgment of sentence became final thirty days later on March 11, 2020, upon expiration of the time for filing a notice of appeal with this Court. *See* Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal). *See also* 42 Pa.C.S.A. § 9545(b)(3). Appellant had until March 11, 2021 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current PCRA petition on December 29, 2021, which is facially untimely.

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar at Section 9545(b)(1)(ii). The PCRA court evaluated Appellant's claimed exception and denied relief, reasoning:

> At the time of [Appellant's] guilty plea he filled out an eight-page guilty plea colloquy form where he initialed every page and checked all of the appropriate boxes indicating that he understood his actions of entering a guilty plea. In addition to the standard guilty plea form [Appellant] filled out an Addendum regarding sexual offenders. [Appellant] initialed

---

[6] *See* Pa.R.A.P. 126(b) (stating we may rely on non-precedential decisions from this Court filed after May 1, 2019, for persuasive value).

each point of the two page addendum indicating that he read and understood each point. Specifically, he initialed Point 3 indicating he understood that he was a Tier 3 offender, and as such would have to:

"register my current address with the Pennsylvania State Police and provide other information required by law to the Pennsylvania State Police prior to my release from incarceration, prior to parole from a State or county correction facility or upon beginning a sentence of intermediate punishment or probation." (See Addendum to Guilty Plea Statement dated September 6, 2019).

[Appellant] also initialed Point 10, acknowledging that he read and understood that "if I have a conviction for a Tier Three offense ... I will be subject to lifetime registration. The period of registration shall be Lifetime." (See Addendum to Guilty Plea Statement dated September 6, 2019). In initialing the addendum, [Appellant] indicated that he understood that he was a Tier 3 offender, and that as a Tier 3 offender he was subject to a lifetime registration requirement.[7] The word lifetime is not a legal term of art, but rather a word in the daily lexicon that is obvious in its meaning and intention.

In addition to the written colloquies, [Appellant] was colloquied on the record at the time of his guilty plea. He stated while under oath that he understood that he was pleading guilty and that he did not have any questions for his attorney. Additionally, [Appellant] indicated on the record that he understood the requirements associated with the sexual offenders addendum and that he understood he would be a lifetime registrant.

At the PCRA hearing held before the court on August 15, 2022, [Appellant] acknowledged initialing the guilty plea

_____

[7] Further, the record includes an Appendix to the Addendum which specifies the crimes that fall under the respective tiers. The description of Tier III offenses expressly includes the crime of IDSI, as well as an attempt, conspiracy, or solicitation to commit any of the crimes listed under that section.

and addendum, yet stated that he didn't fully understand the aforementioned plain language of the guilty plea. When questioned by the court, [Appellant] stated that he did not question his lawyers about this lack of understanding. To qualify for the timeliness exception [Appellant] would have to be unable to ascertain the unknown facts despite the exercise of due diligence. As the court indicated at the hearing, [Appellant] needed only to speak with his lawyer in the months following either his guilty plea or sentencing so as to understand his sentence.

It is clear to this court that [Appellant] was provided all of the necessary facts. The mere fact that [Appellant] is not happy with the reality of the registration requirements does not qualify as unknown or newly discovered facts for the purpose of the PCRA time bar exceptions.[6]

> [6] Any allegation that [Appellant's] guilty plea was not knowing, intelligent and voluntary is not the same as an allegation that there were facts unknown to [Appellant]. [Appellant] had an opportunity on post-sentence motion, direct appeal or via a timely PCRA petition to assert that his guilty plea wasn't knowing, intelligent or voluntary, or that counsel was ineffective in procuring a guilty plea that was not knowing, intelligent or voluntary. [Appellant] did not file a post-sentence motion, he did not file a direct appeal, nor did he file a timely PCRA. [Appellant] cannot now assert that his guilty plea was not knowing, intelligent, or voluntary.

(PCRA Court Opinion at 5-7) (some internal record citations omitted).

The record supports the court's analysis. *See Ford, supra*. Here, Appellant would have known since the time of his guilty plea whether plea counsel explained to him the elements of the offenses to which he was pleading guilty. Additionally, the record makes clear Appellant knew at the time of his guilty plea the registration requirements he was facing as a result of his plea. Even if Appellant did not fully understand the consequences of his

plea at that time, Appellant failed to exercise due diligence in discovering those consequences, to satisfy the time-bar exception. *See Monaco, supra*; *Carr, supra*. Further, even if we do not presume that Appellant had access to his own public records, any lack of access to those records does not excuse Appellant's failure to exercise due diligence. *See Small, supra*; *Keener, supra*; *Robinson, supra*. Therefore, we agree with the PCRA court that Appellant's PCRA petition remains time barred.

In his second issue, Appellant argues that the court erred by denying his request to amend his PCRA petition to challenge the constitutionality of the SORNA registration requirements. Appellant recognizes that our Supreme Court set forth in *Lacombe* that the PCRA is not the exclusive avenue for challenging the registration requirements. Nevertheless, Appellant claims that "no court has held…that a post conviction challenge must or should be undertaken in a proceeding separate and distinct from a pending PCRA case." (Appellant's Brief at 19). Appellant insists that Pa.R.Crim.P. 905[8] is intended to provide PCRA petitioners an opportunity to amend their pleadings. Appellant concludes the court erred by denying him a chance to amend his PCRA petition to attack the constitutionality of SORNA, and this Court must grant relief. We disagree.

_____

[8] *See* Pa.R.Crim.P. 905(A) (stating: "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice").

- 11 -

In general, the plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. **See Commonwealth v. Hall**, 565 Pa. 92, 96-97, 771 A.2d 1232, 1235 (2001). Significantly, however, our Supreme Court "has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism." **Lacombe, supra** at 594, 234 A.3d at 617. The **Lacombe** Court explained:

> Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. **See Muniz, supra** (successful challenge to constitutionality of SORNA via direct appeal); **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016) (successful challenge to increase of registration term through "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus" where PCRA petition would have been untimely), **A.S. v. Pa. State Police**, 143 A.3d 896, 903 n.7 (Pa. 2016) (successful challenge to registration term through *mandamus* action against PSP), [**Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003)] (unsuccessful challenge to constitutionality of Megan's Law II through "Motion for Extraordinary Relief" and "Motion for Relief"). Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.
>
> This is especially so under the PCRA as many registrants…would be ineligible for relief on timeliness grounds. **See** 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition must be filed within one year of judgment of sentence becoming final unless exception applies). Other registrants may be ineligible because their sentence has expired while their registration requirements continue. **See** 42 Pa.C.S.A. § 9543(a)(1) (PCRA petitioner must be serving sentence to be eligible for relief). Both situations arise from the fact that

the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes....

*Id.* at 594-95, 234 A.3d at 617-18.[9]

Instantly, the PCRA court reasoned:

Following the hearing, prior to this court's Order, [Appellant] sought permission for leave to amend the PCRA petition so as to raise a challenge to the constitutionality of SORNA. As addressed *infra*, [Appellant] does not then overcome one of the PCRA timeliness exceptions [regarding the claims raised in his first PCRA petition]. As such, this court denied the motion to amend as an amended PCRA petition would still be untimely. However, pursuant to [*Lacombe*], this court's Order was entered without prejudice to [Appellant's] right to raise his SORNA claims in a proper alternate pleading. *Lacombe* determined that the PCRA is not the sole procedural method for raising challenges to the SORNA requirements, due to the strict one-year PCRA filing limitation. Rather, the Supreme Court allowed for alternative motions that would not be subjected to the one-year limitation of the PCRA to raise objections to the SORNA requirements.

Despite this court's order granting [Appellant] leave to file a motion raising his objections to the SORNA requirements, [Appellant] opted to appeal this court's order denying the

_____

[9] We recognize that *Lacombe* dealt with registration requirements under Subchapter I, whereas Appellant's reporting requirements arise under Revised Subchapter H. Nevertheless, this Court has applied this aspect of the *Lacombe* decision (relative to the avenue by which challenges to registration requirements can be raised) in cases involving Revised Subchapter H offenders. *See, e.g., Commonwealth v. Ward*, No. 1580 EDA 2020 (Pa.Super. filed Aug. 9, 2021) (unpublished memorandum) (holding that lower court had jurisdiction to review appellant's Revised Subchapter H SORNA challenges outside framework of PCRA under *Lacombe*). *See also* Pa.R.A.P. 126(b).

- 13 -

PCRA. [Appellant] has not, as of this date, filed a separate SORNA motion.

(PCRA Court Opinion at 7-8) (internal citations omitted).

Here, the PCRA court correctly noted that the challenges to the SORNA registration requirements which Appellant sought to raise in his amended PCRA petition, could not somehow render timely the claims raised in his initial PCRA petition. Given that some of Appellant's claims would be time-barred (as discussed in our analysis of Appellant's first issue), while the court could consider the SORNA-related challenges outside of the PCRA's time restrictions (*see Lacombe, supra*), we see no reason to disrupt the court's denial of Appellant's petition to amend without prejudice to his right to raise the SORNA-related challenges in a separate filing. *See Ford, supra*. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/26/2023*

- 14 -